UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
JOSHUA SCURRIA,                                  :
                                                 :     CASE NO.:
        Plaintiff,                               :
                                                 :     Judge:
vs.                                              :
                                                 :     Magistrate:
                                                 :
FRENCH QUARTER FESTIVALS, INC.,                  :
                                                 :
        Defendant.                               :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, JOSHUA SCURRIA, by and through his undersigned counsel, hereby files this Complaint and sues FRENCH QUARTER FESTIVALS, INC. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, JOSHUA SCURRIA, (hereinafter referred to as "MR. SCURRIA"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. SCURRIA resides in East Baton Rouge Parish at 710 East Boyd Drive, Baton Rouge, LA 70808.

6. MR. SCURRIA is a qualified individual with a disability under the ADA and the LCHR. MR. SCURRIA is diagnosed with Spinal Muscular Atrophy and uses a wheelchair for his primary means of mobility.

7. Due to his disability, MR. SCURRIA is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, FRENCH QUARTER FESTIVALS, INC is a private, non-profit 501c(3) corporation, organized in the State of Louisiana and doing business in Orleans Parish.

9. Upon information and belief, FRENCH QUARTER FESTIVALS, INC utilizes property within the French Quarter (the "Property") owned by the City of New Orleans to produce and operate the French Quarter Festival, which takes place annually and last took place April 13-16, 2023.

10. Mr. SCURRIA visited the Property on Sunday, April 16, 2023 to enjoy the French Quarter Festival.

11. DEFENDANT is obligated to comply with the ADA and the LCHR.

12. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

13. MR. SCURRIA realleges and reavers Paragraphs 1 - 12 as if they were expressly restated herein.

14. The Property is a place of public accommodation, subject to the ADA, generally located at: The French Quarter neighborhood in New Orleans, including, but not limited to the Old U.S. Mint, Jackson Square, and Woldenberg Park.

15. Upon information and belief, MR. SCURRIA has visited the Property and desires to visit the Property again in the future.

16. Upon information and belief, MR. SCURRIA's most recent visit to the Property prior to filing this original Complaint was on April 16, 2023.

17. During this visit, MR. SCURRIA experienced serious difficulty accessing the goods and utilizing the services therein due to many of the barriers discussed in Paragraph 22 of this Complaint.

18. MR. SCURRIA continues to desire to visit the Property but will continue to experience serious difficulty due to the barriers discussed in Paragraph 22, which still exist.

19. MR. SCURRIA lives within a close geographic proximity of the Property. MR. SCURRIA lives a ninety (90) minute drive from the Property.

20. MR. SCURRIA plans on returning to the Property to enjoy the French Quarter Festival's entertainment and vendors.

21. MR. SCURRIA intends to and will visit the Property to utilize the goods and services in the future but fears that he will encounter the same barriers to access which are the

subject of this action.

22. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MR. SCURRIA due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A.    There is no designated accessible seating areas at the Property;

        B.    There are no accessible routes to seating areas;

        C.    There are no accessible routes to the festival vendors and vending areas.

        D.    Other mobility-related ADA barriers to be identified following a complete inspection.

23. To be clear, there exist curbs that prevent Mr. Scurria from accessing the seating area and the vending areas as can be seen in the photos below:





24. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

26. Upon information and belief, removal of the barriers to access located on the Property would provide MR. SCURRIA with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at

the Property.

27. Independent of his intent to return as a patron to the Property, MR. SCURRIA additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

28. MR. SCURRIA has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. SCURRIA is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

29. MR. SCURRIA repeats and realleges all preceding paragraphs in support of this claim.

30. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

31. At all times relevant to this action, MR. SCURRIA has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

32. At all times relevant to this action, DEFENDANT'S Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting, and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

33. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

34. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

35. DEFENDANT discriminated against MR. SCURRIA on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the barriers discussed in Paragraph 22 of this Complaint.

36. MR. SCURRIA deems himself injured by DEFENDANT'S discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT'S discriminatory conduct and deliberate indifference as alleged herein above.

37. MR. SCURRIA is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## **PRAYER FOR RELIEF**

WHEREFORE, MR. SCURRIA demands judgment against DEFENDANT, and requests the following declaratory and injunctive relief, damages, fees, and costs.

    A.    That this Court declare that the Property owned and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

B.  That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C.  That this Court award damages to MR. SCURRIA pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. SCURRIA pursuant to the ADA and the LCHR; and

E.  That this Court award such other and further relief as it deems necessary, just and proper.

Date: May 12, 2023

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
ANNIKA MENGISEN (LA # 35524)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
gdereus@bizerlaw.com
annika@bizerlaw.com